IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ABDELAMID LAZLI and<br>ELIZABETH RIBBECK, | 05-CV-1680-BR |
| Plaintiffs, | ORDER |
| v. | |
| UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES, WILLIAM<br>MCNAMEE, EVELYN UPCHURCH, ROBERT<br>DIVINE, MICHAEL CHERTOFF, ALBERTO<br>GONZALES, | |
| Defendants. | |

NICOLE HOPE NELSON
PHILIP JAMES SMITH
Nelson|Smith LLP
208 S.W. First Avenue
Suite 360
Portland, OR  97204
(503) 224-8600

   Attorneys for Plaintiffs

1 - ORDER

**KARIN J. IMMERGUT**
United States Attorney
**KENNETH C. BAUMAN**
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, OR 97204
(503) 727-1025

        Attorneys for Defendants

**BROWN, Judge.**

    Magistrate Judge Janice M. Stewart issued Findings and Recommendation (#49) on August 23, 2006, in which she recommended the Court grant Plaintiffs' Motion for Partial Summary Judgment on Plaintiffs' First Cause of Action (#26), grant Plaintiffs' Motion for Partial Summary Judgment on Plaintiffs' Second Cause of Action (#29), and deny Defendants' Motion to Dismiss (#38). Defendants filed timely Objections (#51) on September 11, 2006, to the Findings and Recommendation and asserted for the first time that the Court lacks subject-matter jurisdiction. On October 13, 2006, Plaintiff filed a response to Defendants' Objections. On November 22, 2006, the Court requested Defendants to file a Reply. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).

    For the reasons that follow, the Court finds it has subject-matter jurisdiction over this action and **ADOPTS** the Magistrate Judge's Findings and Recommendation.

## BACKGROUND

Plaintiff Abdelhamid Lazli is a citizen of Algeria. On March 29, 2000, Lazli was admitted to the United States on a visa to marry Plaintiff Elizabeth Ribbeck, his fiancé. On April 8, 2000, Lazli and Ribbeck were married. On May 10, 2000, Lazli applied to the Immigration and Naturalization Service (INS)[1] for an adjustment of his status to that of a conditional permanent resident pursuant to 8 U.S.C. § 1186a(a)(1). On October 23, 2000, the INS approved Lazli's application and granted him conditional permanent resident status for two years.

On October 23, 2002, Plaintiffs filed a Form I-751 with the USCIS to remove the conditional state of Lazli's resident status pursuant to 8 U.S.C. § 1186a(c)(1). The USCIS acknowledged receipt of Plaintiffs' Form I-751, extended Lazli's "alien card" for one year, and informed Plaintiffs that it would take at least six months for the USCIS to process the Form I-751. As of this date, the USCIS has neither waived the requirement to interview Plaintiffs nor adjudicated Plaintiffs' Form I-751.

On April 29, 2004, Lazli filed an Application for Naturalization with the USCIS. The USCIS acknowledged receipt of

---

[1] The INS ceased to exist as an independent agency and delegate of the Attorney General when its functions, including naturalization, were transferred to the United States Citizenship and Immigration Service (USCIS), an agency within the Department of Homeland Security (DHS). *See Bellajaro v. Schiltgen*, 378 F.3d 1042, 1043 n.1 (9th Cir. 2004).

3 - ORDER

Lazli's Application and informed him that it would advise the date and place of a naturalization interview.  On June 5, 2006, Lazli received a notice from the USCIS scheduling a naturalization interview for July 17, 2006.  On  July 3, 2006, however, Lazli received a notice from the USCIS cancelling the interview "due to unforseen circumstances."  As of this date, the USCIS has not conducted an interview with Lazli nor adjudicated his Application.

On November 4, 2005, Plaintiffs filed a Complaint seeking Declaratory, Injunctive, and Mandamus Relief.  Plaintiff requested the Court to issue a writ of mandamus compelling Defendants (1) to adjudicate their Form I-751, (2) to complete the required security checks within 90 days, and (3) to adjudicate Lazli's Application for Naturalization within 120 days of the Court's Order.

On May 19, 2006, Plaintiffs filed a Motion for Partial Summary Judgment as to their request for the Court to enter an order requiring Defendants to adjudicate Plaintiffs' Form I-751 Petition to Remove Conditions on Residence.  On that same day, Plaintiffs filed a Motion for Partial Summary Judgment as to their request for the Court to enter an order requiring Defendants to complete the necessary security checks within 90 days and to adjudicate Lazli's Application for Naturalization within 120 days.

4 - ORDER

On June 30, 2006, Defendants filed a Motion to Dismiss or, in the alternative, a Cross-Motion for Summary Judgment on the grounds that Plaintiffs did not satisfy the elements required to bring a claim for relief under mandamus because they did not establish Defendants have a nondiscretionary duty to adjudicate Plaintiffs' I-751 Form and Application for Naturalization within a specific time.

## STANDARDS

### I. Review of Findings and Recommendation

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988); *McDonnell Douglas Corp. v. Commodore Business Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982).

### II. Subject-Matter Jurisdiction

When deciding a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the court may consider affidavits and other evidence supporting or attacking the plaintiff's jurisdictional allegations.  *Autery v. U.S.*, 424 F.3d 944, 956 (9th Cir. 2005).  The court may permit discovery to determine whether it has jurisdiction.  *Data Disc, Inc. v. Sys.*

5 - ORDER

*Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).  The court has broad discretion in granting discovery and may narrowly define the limits of such discovery.  *Id.*  When the court "receives only written submissions, the plaintiff need only make a *prima facie* showing of jurisdiction."  *Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1019 (9th Cir. 2002).

The plaintiff has the burden to establish that the court has subject-matter jurisdiction.  *Ass'n of Am. Med. Coll. v. U.S.*, 217 F.3d 770 (9th Cir. 2000).

### DISCUSSION

As noted, Defendants asserted for the first time in their Objections to the Magistrate Judge's Findings and Recommendation that the Court lacks subject-matter jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii), which provides in pertinent part:

> Notwithstanding any other provision of law . . ., including . . . sections 1361 and 1651 of . . . title [28], . . . no court shall have jurisdiction to review--
>
> * * *
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security.

Defendants specifically contend the Court does not have jurisdiction under § 1252 to compel the completion of the investigation underlying Plaintiffs' Form I-751 and Application

6 - ORDER

for Naturalization within a particular time because those are matters within the discretion of the USCIS.

**I.   Statutes and Regulations Governing Conditional Permanent Residence Status**

    8 U.S.C. § 1186a(a)(1) provides:

> [A]n alien spouse . . . shall be considered, at the time of obtaining the status of an alien lawfully admitted for permanent residence, to have obtained such status on a conditional basis subject to the provisions of this section.

    8 U.S.C. § 1186a(c)(1) provides:

> In order for the conditional basis established under subsection (a) of this section for an alien spouse . . . to be removed–
>
> (A) the alien spouse and the petitioning spouse (if not deceased) jointly must submit to the Attorney General . . . a petition which requests the removal of such conditional basis . . ., and
>
> (B) . . . the alien spouse and the petitioning spouse (if not deceased) must appear for a personal interview before an officer or employee of the Service . . . .

    8 U.S.C. § 1186a(c)(3)(A) provides if an alien spouse submits a petition and appears for an interview as required by § 1186a(c)(1)(A), "the Attorney General shall make a determination, within 90 days of the date of the interview, as to whether the facts and information . . . alleged in the petition are true with respect to the qualifying marriage."  In addition, § 1186a(c)(1)(B) provides "[i]f the Attorney General determines that such facts and information are true, the Attorney General shall . . . remove the conditional basis of the parties."

7 - ORDER

With respect to the interview required under § 1186a(c), 8 U.S.C. § 1186a(d)(3) provides:

> The interview under subsection (c)(1)(B) of this section shall be conducted within 90 days after the date of submitting a petition under subsection (c)(1)(A) of this section. . . .  The Attorney General, in the Attorney General's discretion, may waive the deadline for such an interview or the requirement for such an interview in such cases as may be appropriate.

The regulations promulgated as to § 1186a(d)(3) provide:

> The director of the regional service center shall review the Form I-751 filed by the alien and the alien's spouse to determine whether to waive the interview required by the Act.  If satisfied that the marriage was not for the purpose of evading the immigration laws, the regional service center director may waive the interview and approve the petition.  If not so satisfied, then the regional service center director shall forward the petition to the district director having jurisdiction over the place of the alien's residence so that an interview of both the alien and the alien's spouse may be conducted.  The director must either waive the requirement for an interview and adjudicate the petition or arrange for an interview within 90 days of the date on which the petition was properly filed.

## II.  Analysis

In the Findings and Recommendation, Magistrate Judge Stewart analyzed the requirements of § 1186a and found, regardless whether the 90-day period specified in § 1186a and accompanying regulations was mandatory or permissive, Defendants have an implied duty to adjudicate naturalization applications and Forms I-751 within a "reasonable time."  The Magistrate Judge found Defendants' failure either to schedule an interview or to

8 - ORDER

adjudicate Plaintiffs' Form I-751 for 3 ½ years constitutes a failure to perform their duty to adjudicate Plaintiffs' Form I-751 and Lazli's Application for Naturalization within a reasonable time.

Although in her Findings and Recommendation, the Magistrate Judge's conclusion arose under a mandamus action, the reasoning applies equally under § 1252. Because Plaintiffs have established Defendants' duty to adjudicate Plaintiffs Form I-751 and Naturalization Application within a reasonable time is ministerial and so plainly prescribed as to be free from doubt for purposes of mandamus relief, the Court concludes Plaintiffs have also established Defendants' duty to adjudicate Plaintiffs' Form I-751 and Lazli's Application for Naturalization within a reasonable time is not a discretionary duty over which the Court lacks jurisdiction under § 1252.

The Court has reviewed both Defendants' Objections and the pertinent portions of the record *de novo*, does not find any error in the Magistrate Judge's Findings and Recommendation, and concludes Defendants have not established that § 1252(a)(2)(B) deprives the Court of subject-matter jurisdiction over this action. Accordingly, the Court adopts Magistrate Judge Stewart's Findings and Recommendation and (1) orders Defendant Alberto Gonzales to instruct the Federal Bureau of Investigation (FBI) to complete Lazli's name and fingerprint check no later than May 14,

9 - ORDER

2007, (2) orders the USCIS to adjudicate Lazli's Application for Naturalization no later than June 13, 2007, and (3) orders Defendants to file a copy of the adjudication of Lazli's Application for Naturalization with the Court within five business days of the adjudication.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Stewart's Findings and Recommendation (#49), **GRANTS** Plaintiffs' Motion for Partial Summary Judgment on Plaintiffs' First Cause of Action (#26), **GRANTS** Plaintiffs' Motion for Partial Summary Judgment on Plaintiffs' Second Cause of Action (#29), and **DENIES** Defendants' Motion to Dismiss (#38).

IT IS SO ORDERED.

DATED this 12th day of February, 2007.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

10 - ORDER