**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**ABDELAMID LAZLI and ELIZABETH RIBBECK,**

**Plaintiffs,**

**v.**

**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, WILLIAM MCNAMEE, EVELYN UPCHURCH, ROBERT DIVINE, MICHAEL CHERTOFF, and ALBERTO GONZALES,**

**Defendants.**

**05-CV-1680-BR**

**OPINION AND ORDER**

**NICOLE HOPE NELSON**
**PHILIP JAMES SMITH**
Nelson|Smith LLP
208 S.W. First Avenue
Suite 360
Portland, OR 97204
(503) 224-8600

Attorneys for Plaintiffs

**KARIN J. IMMERGUT**
United States Attorney
**JAMES L. SUTHERLAND**
**JAMES E. COX, JR.**
Assistant United States Attorneys
1000 S.W. Third Avenue
Portland, OR 97204
(503) 727-1025

Attorneys for Defendants

**BROWN, Judge.**

This matter comes before the Court on Plaintiffs' Motion for Attorney Fees and Costs (#66) pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

For the reasons that follow, the Court **GRANTS** Plaintiffs' Motion for Attorney Fees and Costs and awards attorneys' fees to Plaintiffs in the amount of **$37,932.98** and costs in the amount of **$506.05**.

## BACKGROUND

On November 4, 2005, Plaintiffs filed a Complaint seeking Declaratory, Injunctive, and Mandamus Relief. Plaintiff requested the Court to issue a writ of mandamus compelling Defendants (1) to adjudicate their Form I-751, (2) to complete the required security checks within 90 days, and (3) to adjudicate Lazli's Application for Naturalization within 120 days of the Court's order.

On May 19, 2006, Plaintiffs filed one Motion for Partial

Summary Judgment as to their request for the Court to enter an order requiring Defendants to adjudicate Plaintiffs' Form I-751 Petition to Remove Conditions on Residence (First Cause of Action) and another Motion for Partial Summary Judgment as to their request for the Court to enter an order requiring Defendants to complete the necessary security checks within 90 days and to adjudicate Lazli's Application for Naturalization within 120 days (Second Cause of Action).

On June 30, 2006, Defendants filed a Motion to Dismiss or, in the alternative, Cross-Motion for Summary Judgment on the ground that Plaintiffs did not satisfy the elements required to bring a claim for relief under mandamus because they did not establish Defendants have a nondiscretionary duty to adjudicate Plaintiffs' I-751 Form and Application for Naturalization within a specific time.

On August 23, 2006, Magistrate Judge Janice M. Stewart issued Findings and Recommendation in which she recommended the Court grant Plaintiffs' Motions for Partial Summary Judgment as to Plaintiffs' First and Second Causes of Action and deny Defendants' Motion to Dismiss or, in the alternative, Cross-Motion for Summary Judgment. Defendants filed timely Objections to the Findings and Recommendation on September 11, 2006, in which they asserted for the first time that the Court lacked subject-matter jurisdiction.

On February 12, 2007, the Court issued an Order in which it found it had subject-matter jurisdiction and adopted the Magistrate Judge's Findings and Recommendation.

On May 11, 2007, Plaintiffs filed a Motion for Attorney Fees and Costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).

**STANDARDS**

Under the EAJA, the Court may award a plaintiff attorneys' fees and costs if (1) the plaintiff is the prevailing party, (2) the government has not met its burden to show that its positions during the case were substantially justified or that special circumstances make an award unjust, and (3) the requested attorneys' fees and costs are reasonable. 28 U.S.C. § 2412(d)(1)(A). *See also Perez-Arellano v. Smith,* 279 F.3d 791, 792 (9th Cir. 2002).

A "prevailing party" is one who has been awarded some relief by the court on the merits of at least some of his claims. *Hanrahan v. Hampton,* 446 U.S. 754, 758 (1980). "Enforceable judgments and court-ordered consent decrees create 'the material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.,* 532 U.S. 598, 604 (2001)(internal citation omitted).

**DISCUSSION**

Defendants do not dispute Plaintiffs were the prevailing party in this matter, but they contend Plaintiffs are not entitled to attorneys' fees and costs because the government was "substantially justified" in its position with respect to Lazli's Form I-751 and Application for Naturalization. Defendants also contend if the Court concludes Plaintiffs are entitled to attorneys' fees and costs, they should not be awarded fees at a rate that exceeds the statutory maximum rate because neither specialized skills nor distinctive knowledge were necessary in this litigation.

**I. Plaintiffs Are Entitled to Reasonable Attorneys' Fees.**

When the government opposes a prevailing party's request for attorneys' fees pursuant to the EAJA, the government bears the burden to demonstrate that its position regarding the underlying issues was substantially justified. *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005). The Ninth Circuit has held "substantial justification is equated with reasonableness. . . . The government's position is substantially justified if it 'ha[d] a reasonable basis in law and fact.'" *Thangaraja v. Gonzales,* 428 F.3d 870, 874 (9th Cir. 2005)(quoting *Ramon-Sepulveda v. INS*, 863 F.2d 1458, 1459 (9th Cir. 1988)). See also *Al-Harbi v. INS*, 284 F.3d 1080, 1085 (9th Cir. 2002)("Substantial justification in this context means

justification to a degree that could satisfy a reasonable person.”).

In *Thangaraja*, the Ninth Circuit concluded the Immigration and Naturalization Service's (INS) decision to deny Plaintiff's application for asylum was unsupported by substantial evidence in the record. The Ninth Circuit noted its decision was "a strong indication that the position of the United States was not substantially justified." *Id*. The Ninth Circuit further noted "it will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'" *Id*. (quoting *Al-Harbi*, 284 F.3d at 1085).

Here the Court found Defendants' failure either to schedule an interview or to adjudicate Lazli's Form I-751 for over three years was unreasonable. The Court also found Defendants' failure to adjudicate Lazli's Application for Naturalization for over two years was unreasonable. The Court, therefore, concludes Defendants have not established their positions with respect to Lazli's Form I-751 or Application for Naturalization were substantially justified pursuant to *Thangaraja* and *Al-Harbi*. Accordingly, Plaintiffs are entitled to an award of attorneys' fees and costs.

**II. Amount of Attorneys' Fees**

**A. Attorneys Required to Have Some Distinctive Knowledge.**

Under 28 U.S.C. § 2412(d)(2)(A), *Thangaraja*, and Ninth Circuit Rule 39-1.6, the maximum hourly rates under the EAJA adjusted for increases in the cost of living are as follows: 2005 - $156.79 per hour; 2006 - $161.85 per hour; and 2007 - $164.82 per hour. The court may award attorneys' fees at rates that exceed the statutory maximum if "'the court determines . . . a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.'" *Rueda-Menicucci v. INS*, 132 F.3d 493, 496 (9th Cir. 1997)(quoting 28 U.S.C. § 2412(d)(2)(A)). The exception as to the limited availability of qualified attorneys "'refers to attorneys having some distinctive knowledge or specialized skill needful for the litigation in question.'" *Id*. (quoting *Pierce v. Underwood*, 487 U.S. 552, 572 (1988)).

Attorneys Nicole Hope Nelson and Philip James Smith seek fees at a rate of $250 per hour because of the limited availability of qualified attorneys in the immigration field and their expertise in immigration law, and Allison Mosher requests fees at various rates over two years (varying because of EAJA adjustments for inflation over the relevant period) that are equal to the maximum hourly rates under the EAJA. Defendants only challenge the hourly rates of Nelson and Smith on the ground

that special skills or distinctive knowledge was not necessary for this particular litigation because the issue here was whether Defendants had a mandatory, nondiscretionary duty to adjudicate Lazli's applications within a certain time, which is a question arising under mandamus that does not require distinctive or specialized skill in the field of immigration law.

Plaintiffs produced evidence sufficient to establish there are a limited number of immigration attorneys in Oregon. In addition, the Ninth Circuit has noted "a speciality in immigration law could be a special factor warranting an enhancement of the statutory rate." *Id*. (citing *Pirus v. Bowen*, 869 F.2d 536, 542 (9th Cir. 1989)). Although this matter involved questions of mandamus relief and this Court's jurisdiction, the parties were required to be well-versed in various complicated provisions of immigration law and the ways in which those provisions interacted with each other. The Court, therefore, finds this matter required distinctive knowledge of immigration law, and, therefore, the Court may award fees at a rate in excess of the maximum EAJA rates.

Plaintiffs submitted three declarations of attorneys who practice immigration law in Portland in which they testify the rate of $250 per hour is consistent with the market rate in Portland for attorneys with similar qualifications and experience equivalent to Nelson and Smith who work on immigration matters

similar to those at issue in this case. *See* Statler Decl. ¶¶ 6-8; Manning Decl. ¶¶ 6-8; Hornick Decl. ¶¶ 6-8. Based on this record, the Court agrees and concludes the requested hourly rate for Nelson and Smith is reasonable, and represents the "prevailing market rates for the kind and quality of the services furnished." *See* 28 U.S.C. § 2412(d)(2)(A).

Accordingly, the Court awards Nelson and Smith attorneys' fees at a rate of $250 per hour.

**B. Amount of Attorneys' Fees**

Nelson requests 12.3 hours at $250 per hour, Smith requests 132.9 hours at $250 per hour, and Allison Mosher requests 10.2 hours at various rates (see Exhibit 1). Defendants do not object to the number of hours enumerated by Plaintiffs. The Court, however, has an independent duty to review Plaintiffs' Motion for reasonableness. *See Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1993).

As noted, the Court concludes Nelson and Smith are entitled to attorneys' fees based on a rate of $250 per hour. The Court also concludes Nelson and Smith expended a reasonable amount of time on this matter. The Court, therefore, awards Plaintiffs $36,300 for the work of Nelson and Smith on this matter.

Plaintiffs also request $1,633 in fees for attorney Allison Mosher at the maximum rates allowed under the EAJA,

*Thangaraja*, and Ninth Circuit Rule 39-1.6. Plaintiffs provided the Court with Mosher's billing records to support their request. After reviewing the records, the Court concludes the hourly rates for Mosher and the time expended by Mosher on this matter are reasonable. The Court, therefore, awards Plaintiffs $1,633 for Mosher's work.

**III. Costs**

Plaintiffs request $1,108.86 for copying costs, postage expenses, computer research, and the filing fee in this matter. Defendants do not object to Plaintiffs' costs.

**A. Standards**

Absent a showing of circumstances not relevant here, an award of costs is governed by federal law. *See In re Merrill Lynch Relocation Mgt., Inc.*, 812 F.2d 1116, 1120 n.2 (9th Cir. 1987)(dictum).

28 U.S.C. § 1920 allows a federal court to tax specific items as costs against a losing party pursuant to Federal Rule of Civil Procedure 54(d)(1). Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3)Fees and disbursements for printing and witnesses;
> (4)Fees for exemplification and copies of papers necessarily obtained for use in the case;

> (5)Docket fees under section 1923 of this title;
> (6)Compensation for court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

The court has broad discretion to allow or to disallow a prevailing party to recoup costs of litigation. The court, however, may not tax costs beyond those authorized by § 1920. *Frederick v. City of Portland*, 162 F.R.D. 139, 142 (D. Or. 1995).

**B. Analysis**

The Court declines to award costs for postage and computerized legal research because such costs reasonably should be included in the overhead and hourly rates of counsel. The Court finds Plaintiffs' remaining requested costs, however, are allowed under § 1920 and are both reasonable and supported by the evidence in this matter. Accordingly, the Court awards Plaintiffs $506.05 in costs.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiffs' Motion for Attorney Fees and Costs (#66) pursuant to the Equal Access to Justice Act and **AWARDS** attorneys' fees to Plaintiffs in the

amount of **$37,932.98** and costs in the amount of **$506.05**.

IT IS SO ORDERED.

DATED this 25th day of July, 2007.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge